## WOLF v. MENDELSOHN.

(Supreme Court, Appellate Term. March 24, 1904.)

1. MECHANICS' LIENS—ADVANCE PAYMENTS TO CONTRACTOR.

Lien Law (Laws 1897, p. 517, c. 418) § 7, providing that payments made by the owner of a building to the contractor, before due by the terms of the contract, for the purpose of avoiding the provisions of the law, shall be ineffectual against the lien of a subcontractor, forbids only collusive advance payments, and does not apply to payments before the owner knew, or had reason to know, that any one had a claim against, or had furnished materials to, the contractor.

2. SAME—DECLARATIONS.

The subcontractor has no right to a lien for more than was due because of the false statements of the contractor and owner that more was due, she having suffered no loss by relying thereon.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Pauline Wolf against Samuel Mendelsohn. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

George A. Voss, for appellant.

William H. Klinker, for respondent.

¶ 1. See Mechanics' Liens, vol. 34, Cent. Dig. § 152.

SCOTT, J. The only question is whether, upon all the facts, construing the evidence most favorably to plaintiff, the recovery should be reduced, and, if so, how much. The contract between the owner, Mendelsohn, and the principal contractor, Jansen, called for a gross payment of $1,475, payable in installments; the final payment when the work was finished being $650. Of the work contracted for, a part, of the value of $250, was done by a contractor other than Jansen, leaving the whole amount to be paid to the latter $1,225. The owner did not insist upon the condition as to payments, but paid Jansen from time to time, so that prior to November 14th, and prior to the completion of the work, he had paid all but $215 of the amount called for by the contract. Plaintiff had furnished materials to Jansen to the value of $400.79. Section 7 of the Lien Law (Laws 1897, p. 517, c. 418) provides that payments made by an owner prior to the time when by the terms of the contract the payment became due, for the purpose of avoiding the provisions of the lien law, shall be ineffectual as against the lien of a subcontractor. This, however, only forbids collusive advance payments. The present case is wholly devoid of evidence to show that Mendelsohn ever knew, or had reason to know, before November 12th or 13th, that the plaintiff or any one else had a claim against Jansen, or had furnished him any materials. The plaintiff produced evidence to show, and, for the purpose of this appeal, must be held to have shown, that on November 12th or 13th the owner was expressly notified of plaintiff's claim. The work was apparently not then finished, and certainly the architect had not given a final certificate. Any payment made by the owner after this notification, in advance of the time of payment specified in the contract, should be treated as made for the purpose of avoiding the operation of the lien law. The owner did so pay, on November 14th, $100. It is admitted that when the lien was filed there was due to the principal contractor $115. The utmost that the plaintiff could recover against the owner was $215. The alleged statement of the principal contractor and the owner on November 12th or 13th that a much larger sum was then due is of no importance, if true, because the plaintiff, even if she believed it, suffered no loss by relying upon it.

The recovery should be reduced to the sum of $227.90, with costs in the court below, and, as so reduced, be affirmed, without costs in this court. All concur.