(155 App. Div. 425.)

WAGNER v. BUTLER et al.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. MECHANICS' LIENS (§ 115*)—ENFORCEMENT—LIABILITY OF OWNER FOR ADVANCE PAYMENTS—MODIFICATION OF CONTRACT.

Lien Law (Consol. Laws 1909, c. 33) § 7, providing that any payment by an owner to a contractor prior to the time the payment becomes due, made to avoid the lien law, shall be of no effect as against the lien of a subcontractor, does not prevent the owner employing a contractor, from modifying or terminating the contract, or facilitating the work by advance payment; and where a contractor for a building and sidewalk completed the building, the owner could, prior to the filing of notice of lien by a subcontractor, pay the contractor, except a sum reserved for the construction of the sidewalk when the weather should permit it, without becoming liable to the subcontractor subsequently filing a notice of lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

2. MECHANICS' LIENS (§ 115*)—ENFORCEMENT—LIABILITY OF OWNER FOR ADVANCE PAYMENTS—MODIFICATION OF CONTRACT.

An owner, who employed a contractor to erect a building and sidewalk, and who knew that the contractor was in default in his payments for labor and material, was under no obligation, at common law or under Lien Law (Consol. Laws 1909, c. 33) § 7, providing that any advance payment by the owner to the contractor to avoid the law shall be of no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

effect as against the lien of the subcontractor, not to make advance payments to the contractor, though he had promised the subcontractor to look out for him, for the mere failure of the owner so to do was not proof that he was guilty of a fraud in making advance payments to the contractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

3. MECHANICS' LIENS (§ 115*)—ENFORCEMENT—LIABILITY OF OWNER FOR ADVANCE PAYMENTS—MODIFICATION OF CONTRACT.

A contract to construct a building and a sidewalk required that the work should be done in July. The owner extended the terms of payment to December 1st following, and agreed to pay the contractor the balance due on his delivering a receipt from the subcontractor showing that the latter's claim had been paid. The contractor completed the building and exhibited to the owner a letter, purporting to be written by the subcontractor, offering to settle his claim for a specified sum and notes indorsed. The owner, assuming that the matter would be so settled, made a settlement with the contractor by advancing to him the amount due on the contract, save a specified sum reserved for the construction of the sidewalk when suitable weather should permit. The owner had previously promised the subcontractor to look out for him, but he failed to do so. Held, that the subcontractor, thereafter filing a notice of lien, could not enforce it, notwithstanding Lien Law (Consol. Laws 1909, c. 33) § 7, providing that any advance payment to a contractor to avoid the law shall be of no effect as against the lien of a subcontractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

Appeal from Queens County Court.

Action by William J. Wagner against C. Leroy Butler and others. From a judgment for plaintiff, certain of the defendants appeal. Reversed, and judgment entered dismissing the complaint.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John L. Lindsay, of Flushing, for appellants.
Easton S. Bacon, of New York City, for respondent.

THOMAS, J. The action by a subcontractor is to foreclose a mechanic's lien, notice whereof was filed on February 27, 1911. But, on the previous January and February 17th, the owner had paid the contractor two sums, aggregating $450, and the obligation of the contract released, although $125 was reserved by the owner to meet the expense of laying the sidewalk when suitable weather should permit it to be done.

[1] But the plaintiff invokes section 7 of the Lien Law, and asserts that the payments were ineffective to avoid his lien, inasmuch as they were not payable until the completion of the work, and hence not until the sidewalk should be laid. To sustain this contention, the plaintiff must prove that the payments were accelerated "for the purpose of avoiding the provisions of" the Lien Law. To maintain that issue the plaintiff proved the owner's knowledge of the lien before the payment. Indeed, such knowledge was deemed sufficient evidence of purpose to avoid the lien in Wolf v. Mendelsohn, 87 N. Y. Supp. 465, and in Behrer v. McMillan, 114 App. Div. 450, 100 N. Y. Supp. 35,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

affirmed 191 N. Y. 530, 84 N. E. 1108, although the lien in the last case was not sustained. This would construe the section to read that advance payments made with knowledge of a subcontractor's unpaid claim are ineffective against a notice of lien subsequently and duly filed. Such holding disregards the purpose or intention with which the payments are made, while the statute has sole regard to that. It was not intended to disable the owner from modifying or terminating his contract, or facilitating his work by payment earlier than the contract stipulated. In the present case the building was ready for use. The sidewalk must await a season that permitted its construction. Should the contractor be compelled to await the payment for work actually done until the season would permit this relatively slight thing to be done? That would mean disability to modify a contract, at which the statute was not aimed.

[2] But it is urged that the owner knew that the contractor was not paying its men, that it was irresponsible in that regard, that it had not paid the balance due the plaintiff, and that the latter had given the owner notice of the fact that he must look out for him, and that the owner had promised to attend to it. There is no evidence that the plaintiff was deterred by such assurance from filing his notice. The work was finished in November. The lien was not filed until February 27th thereafter. The substance of plaintiff's argument is that, where the owner knows that the contractor is in default in his payments for labor and material contributed by others to the building, he must see to it that the default is met before he makes advance payments to the contractor. There is no such obligation at common law, and the statute does not contemplate it. It would make the owner the supervisor of the affairs of the contractor, necessitate an accurate knowledge of his affairs, and constitute him a trustee for the materialmen before they made him such by filing liens. But it is superadded that the defendants promised to attend to it. That would not make him liable at law. No action for fraud could rest on such promise of future action. The failure to attend to it is not evidence that the owner paid the contractor to escape attending to it.

[3] The fact is that the work was not done in July, 1910, as agreed, and the owner in writing extended the terms of payment to December 1, 1910, and agreed to pay him the balance due, "provided, however, he delivers to me a receipt from one William J. Wagner" (plaintiff), "a subcontractor on the Forrest avenue house, showing that his entire claim for labor and material furnished on said house has been paid." The plaintiff was not privy to his agreement. When the money was finally paid, and the relations of the contractor and owner to the building contract ended, the contractor showed the owner a letter, purporting to be written by the plaintiff to the contractor, offering to settle his claim for a sum named and notes indorsed. The owner, assuming that the matter would be met in that way, settled with the contractor. It may have been done inconsiderately, and without proper regard for his promise to attend to it; but that does not show that it was fraudulently done. The plaintiff's claim that the work was not done when the payment was made reaches too far. The contractor

never finished the work. Hence, if the modified agreement be in contravention of plaintiff's rights, the contract was never performed, and plaintiff cannot recover. But the work was finished because the owner agreed to finish it, and there was no fraud shown in the arrangement that he made.

The judgment should be reversed, and judgment should be entered dismissing the complaint, with costs. All concur.