STREEVER LUMBER COMPANY, Appellant, *v.* BERT MITCHELL and the CONGREGATION OF SHARRA TFILLE, Respondents.

Third Department, May 8, 1918.

**Lien — mechanic's lien filed subsequent to payment to contractor — when lienor not entitled to foreclose — lien does not attach to extra work done under separate contract when materials were furnished by others.**

Where money due to a contractor for making additions to a building was due and payable at a time when a person acting for the owner and having charge of the payments to the contractor promised the latter, in the presence of the plaintiff, who had furnished material to the contractor, that he would pay a balance due to the contractor on a specified day, and the materialman did not file a mechanic's lien until the day following said payment, he is not entitled to foreclose his lien if no promise of the owner's agent was made for the purpose of inducing him not to file a lien.

As the moneys paid to the contractor were due there was no advance payment within the meaning of section 7 of the Lien Law making advanced payments void as against the lien of a subcontractor or materialman.

However, although the plaintiff is not entitled to foreclose the lien subsequently filed, he is entitled to personal judgment against the contractor for the full amount of his claim.

The mechanic's lien filed by the materialman after said payment to the contractor did not attach to moneys due for extra work under an entirely independent contract where none of the materials for the extra work were furnished by the plaintiff but were furnished by other persons.

J. M. KELLOGG, P. J., dissented.

APPEAL by the plaintiff, Streever Lumber Company, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of Saratoga county on the 15th day of May, 1917, as dismisses the complaint upon the merits and directs that the lien filed by plaintiff against the property of the defendant the Congregation of Sharra Tfille be discharged and awards costs to said defendant against the plaintiff.

The judgment was entered upon the decision of the court after a trial at the Saratoga Trial Term before the court without a jury

*William Rooney,* for the appellant.

· *Clarence H. Knapp,* for the respondent the Congregation of Sharra Tfille.

WOODWARD, J.:

This is an action to foreclose a mechanic's lien, and the appeal is from so much of the judgment as dismisses the complaint against the Congregation of Sharra Tfille. Briefly, the defendant Bert Mitchell took a contract for the construction of a small addition to the house of worship occupied by the Congregation of Sharra Tfille in Saratoga Springs, for the sum of $1,000, he to furnish materials and labor. Mitchell bought materials for the job from the plaintiff to the value of $395.26, subject to some small credits. The plaintiff, a corporation, through one of its officers, appears to have had some conversation with the treasurer of the congregation on or about the 28th day of August, 1914, in which the treasurer was informed of the amount of the plaintiff's unpaid claim for materials, and the treasurer appears to have indicated that no further payments would be made to Mitchell until the plaintiff's claim was adjusted. From the evidence, however, it appears that the congregation had intrusted the work of constructing the improvement to a committee consisting of one Berkowitz, who had charge of the payments, and that the plaintiff was referred to this committee; that the plaintiff called on Mr. Berkowitz on or about the 4th day of September, 1914, in company with Mitchell, and that at this meeting Mr. Berkowitz told the plaintiff and Mitchell that he could not pay any money that morning; that " We have got to go up there and look the job over, and if the job is all right, you can have your money Monday morning. Is that all right? " To this Mitchell responded that it was all right so far as he was concerned, and Mr. Streever for the plaintiff replied: " That is satisfactory to me,  *  *  *  we will be on hand Monday morning."

It is entirely evident from this that Mr. Streever did not rely upon the alleged previous promise of the treasurer; he acquiesced in the arrangement that the payment on Mitchell's contract was to be made on the following Monday morning, if the work was found to be satisfactory. It is not claimed that

Mr. Berkowitz made any promise to pay the claim of Mr. Streever. The contract of the congregation was with Mitchell, and by the terms of this contract $100 was to be paid upon a certain amount of work being done, and also " whatever sum shall be necessary to pay for the labor upon said improvements and repairs upon Saturday night of each week during the actual time for said contract, and the balance due on said contract price to be paid upon the satisfactory completion of said contract, but said payment not to be made earlier than August 5th, 1914." Berkowitz, representing the congregation, had no authority to pay Streever on the fourth day of September, at the time of this interview, nor did he have any authority to make such payment to Streever on the Monday following. No lien had been filed, and Berkowitz, acting in entire good faith, could have done nothing more than to have paid Mitchell on the following Monday, provided the work had been satisfactorily completed, and upon the matter of the condition Berkowitz, representing the congregation, could have waived any defects in the performance of the contract. The payment was due under the contract any time subsequent to the fifth day of August that the congregation was willing to make the payment; any time it was satisfied with the performance of the contract, and if Streever had been present at such payment Mitchell might have refused to turn over the money to him. Streever's company simply had a contract debt against Mitchell which might have been transformed into a lien by taking the proper statutory action, but at the interview of September fourth Streever's company had no relations with the congregation. Undoubtedly, there was an implied understanding between the three persons present that the payment was not to be made until the following Monday, and entire good faith on the part of Berkowitz required that no such payment should be made until the time specified, while a careful reading of the record discloses that payments of $150 and of $20 were made on Friday, the day of the interview. Whether these payments were made prior or subsequent to the interview does not clearly appear, and it is not important, for in the event that they were made prior to the interview Berkowitz clearly misrepresented the amount then due, while if the payments

were subsequent there is a lack of that good faith which is presumed in law.

But the question is still present, demanding solution, whether these payments by Berkowitz may be disregarded and the congregation be called upon to compensate the plaintiff for the materials furnished upon the credit of Mitchell. At common law, of course, Mitchell owes the plaintiff, and there is no remedy other or different from that arising upon any other contract. The Lien Law provides a different remedy, but it requires the performance of certain conditions precedent, and it is of record that the plaintiff made no effort to file a lien until Tuesday following the Monday on which Berkowitz promised conditionally that he would make the payment to Mitchell. It does not appear that Berkowitz, who alone had authority to act for the congregation, made any promises to Streever for the purpose of inducing him not to file a lien. What does appear is that Berkowitz promised Mitchell that he would pay the balance upon the contract on Monday following if an investigation showed that the work was properly done, and that upon the same day Berkowitz paid all that was then properly due to Mitchell. But at the time of the payment it could be properly paid under the terms of the contract; the congregation owed no one except Mitchell, and the plaintiff had taken no steps to procure a lien upon the property. Under such conditions we know of no provision of law which entitles the plaintiff to a foreclosure of a lien where there is no fund due to the primary creditor.

Section 7 of the Lien Law (Consol. Laws, chap. 33; Laws of 1909, chap. 38) provides that " Any payment by the owner to a contractor upon a contract for the improvement of real property, made, prior to the time when, by the terms of the contract, such payment becomes due, for the purpose of avoiding the provisions of this article, shall be of no effect as against the lien of a sub-contractor, laborer or material man under such contract, created before such payment actually becomes due." Here there was no advance payment; the payment became due at any time subsequent to August fourth, when the congregation was satisfied with the performance of the contract, and at the time the payment here under consideration was made no lien had been created.

On the fifth day of September the congregation had a perfect right to make the final payments, and this court has held that even where the payments were made in advance, it was for the plaintiff to establish by evidence that such payments were made for the purpose of avoiding the provisions of the Lien Law. (*Glens Falls Portland Cement Co.* v. *Schenectady County Coal Co.*, 163 App. Div. 757.)

It is true as a matter of morals no doubt that Berkowitz should have informed Streever of his intention to make the payment on Friday, but in law he owed no such duty. The statute gave the plaintiff an opportunity to file a lien, but until that lien was filed the plaintiff had no right to interfere in the contract between the congregation and Mitchell. It does not appear that Streever gave any notice to Berkowitz that he intended to file a lien, or that the latter made any promise to induce him to refrain from filing a lien; nor is there any evidence that this payment on Friday was for the purpose of avoiding the law. But if it was true, in the absence of fraudulent representations inducing the plaintiff to forego its rights under the statute, it is difficult to see how the trial court could have reached any other determination in this action.

But it is urged that in any event there were certain moneys due to the defendant Mitchell on account of extra work, and that as to such moneys the lien attached. The difficulty with this claim is that it does not relate to any materials which the plaintiff furnished for the improvement of the congregation's premises. The contract for the construction of the improvement provided that " At any time during the progress of the work on said building, the party of the first part [the congregation] shall be at liberty to request any alterations or deviation, additions or omissions from the plans or specifications; upon such request the same shall be made, and shall in no way affect or make void the contract, but the cost thereof shall be added to or deducted from the amount to become due on this contract, as the case may be, at a fair and reasonable valuation." This language, of course, referred to the work contemplated by the contract; it was a provision for alterations in the course of the work contemplated by the agreement to be performed for $1,000, while the alleged extra work for which the congregation owed Mitchell, at the

time of the filing of the lien, was involved in the construction of a sidewalk in front of the premises involved in the original contract, under a separate and distinct contract, and the undisputed evidence is that the plaintiff did not furnish any of the materials for this sidewalk. If the materialman who furnished the supplies for the construction of the sidewalk had filed a lien subsequent to that of the plaintiff in the present action, is there any doubt that the lien would have attached to this so-called extra work in behalf of such materialman? If it would, then it is obvious that the present plaintiff could not get a valid lien upon materials which some other person had furnished in the performance of an entirely different contract. The rights of the plaintiff in this action must depend upon the amount due the original contractor upon the particular contract for which it furnished the materials, and as the evidence shows that there was no part of the funds of the original contract available on the eighth day of September, when the lien was filed, there was nothing on which the lien could operate; and the learned court below properly disposed of the case by dismissing the complaint as to the congregation, while giving judgment against the defendant Mitchell for the full amount of the claim.

The judgment appealed from should be affirmed.

All concurred, except John M. Kellogg, P. J., dissenting; H. T. Kellogg, J., not sitting.

Judgment affirmed, with costs.