**F. T. MERRILL et al. v. B. R. ACKER CO., Inc., et al.**

Nos. 8463, 8464.

United States Court of Appeals
District of Columbia.

Argued March 15, 1944.

Decided April 28, 1944.

Mr. Daniel Partridge III, of Washington, D. C., for appellants.

Mr. Raymond M. Hudson, of Washington, D. C., for appellees B. R. Acker Company, Inc., and Barber & Ross Company. Mr. Leon M. Shinberg, of Washington, D. C., for appellee American Heating Engineering Company, Inc. Messrs. James E. Shifflette, Milford F. Schwartz, Charles H. Fleming, Charles J. Brandt, Henry S. Snyder, Carl A. Marshall, Louis Rothschild, and N. Meyer Baker, all of Washington, D. C., were on the brief for appellees. Mr. Hewitt G. Robertson, of Washington, D. C., Trustee in bankruptcy for appellee Clay, entered an appearance, pro se.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from a judgment that appellees, who took part as subcontractors in the building of appellants' house, were entitled to mechanics' liens. The court found that appellants "with knowledge that the subcontractors, the lienors herein, were not being paid, deviated from the terms [of appellants' contract with the general contractor, and] made advance payments to * * * the general contractor * * * and assured several of the lienors upon inquiry by them that there was sufficient [money] to pay their claims—this in December 1939 * * *." When appellants made the payments in question they obtained from the general contractor, and mailed, his checks to several of the subcontractors, and got his assurance that he would pay all his bills. In January and February, 1940, appellants on orders from the general contractor made a number of payments direct to workmen on the job. Notice of lien was first filed by one of appellees on February 29, 1940. At that time only a few dollars remained due from appellants to the general contractor.

The Code provides that a subcontractor may have a lien upon filing a notice of lien with the clerk of the District Court and serving notice upon the owner of the property,[1] which lien "shall be limited to the amount to become due to the original contractor and be satisfied, in whole or in part, out of said amount only * * *."[2] This limitation of amount governs unless "the owner, for the purpose of avoiding the provisions hereof, and defeating the lien of the subcontractor * * * shall make payments to the contractor in advance of the time agreed upon therefor in the contract * * *."[3]

Before the enactment of the Code provision concerning advance payments this court had held that an advance to a general contractor, though made in good faith and accompanied by an attempt to see that subcontractors were duly paid, did not avoid the unregistered liens of the subcontractors.[4] The Code provision has abro-

---

[1] D.C.Code 1940, §§ 38—103, 38—105.
[2] D.C.Code 1940, § 38—104.
[3] D.C.Code 1940. § 38—108.

[4] Riggs Fire Insurance Co. v. Shedd, 16 App.D.C. 150.

104

gated that doctrine. We have since held, where an owner made advances in order to speed up the work, that "under the terms of the statute, bad faith cannot be presumed from the mere fact of advance payments. Something more is necessary to support such an inference."[5] There is substantially nothing more in this case. We find no evidence of a purpose on the part of appellants to defeat the subcontractors' liens. Apparently the District Court found no evidence of such a purpose. The court distinguished between "good faith in a moral sense and good faith in a legal sense," and held that actual bad faith on appellants' part need not be shown. We think this was error, though probably induced by language of our own which we now overrule.[6]

Subcontractors have, under the statute, ample opportunity to protect themselves. They may require the owner to disclose the terms of the general contract and the state of the account between himself and the general contractor.[7] They may secure their liens by filing them and giving notice to the owner. Subcontractors who have not chosen to protect themselves cannot fairly complain because the owner is not required to pay over again, to them, what he has already paid in good faith to the general contractor.[8]

Reversed.

---

[5] James B. Lambie Co. v. Bigelow, 34 App.D.C. 49, 56. The quoted language is followed by a dictum that "If the evidence before us showed that there was no occasion for advance payments, and that they were made with knowledge on the part of the owner that the subcontractors were not being paid, a different case would be presented. In such a case bad faith might be presumed." In our opinion this dictum was erroneous.

[6] Supra note 5.

[7] D.C.Code 1940, § 38—107.

[8] Cf. Wagner v. Butler, 155 App.Div. 425, 140 N.Y.S. 50; Tommasi v. Bolger, 114 App.Div. 838, 100 N.Y.S. 367.