3-G Servs. Ltd. v SAP V/Atlas 845 WEA Assoc. NF L.L.C. (2018 NY Slip Op 04292)





3-G Servs. Ltd. v SAP V/Atlas 845 WEA Assoc. NF L.L.C.


2018 NY Slip Op 04292


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6850 650583/13

[*1]3-G Services Limited, Plaintiff-Appellant,
v
SAP V/Atlas 845 WEA Associates NF L.L.C., Defendant-Respondent, B & B Construction, Inc., et al., Defendants.


Law Office of Mary T. Dempsey, P.C., New York (Mary T. Dempsey of counsel), for appellant.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (Kenneth M. Block of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 28, 2017, which, insofar as appealed from as limited by the briefs, granted defendant SAP V/Atlas 845 WEA Associates NF L.L.C.'s (SAP) motion for summary judgment dismissing the first cause of action, foreclosure on plaintiff's mechanic's lien, unanimously affirmed, without costs.
Plaintiff seeks to enforce a mechanic's lien for monies allegedly owed in connection with its work as a subcontractor on a construction project owned by defendant SAP. SAP's motion for summary judgment was properly granted.
SAP made a prima facie showing that it did not owe any money to the general contractor when the lien was filed, and plaintiff failed to raise any issues of fact in opposition (see Lien Law § 4[1]; Matros Automated Elec. Constr. Corp. v Libman, 37 AD3d 313, 313 [1st Dept 2007]).
The record does not support plaintiff's contention that SAP's final payment to the general contractor (for all work completed to date) was invalid because it was an advance payment made to avoid the Lien Law (see Lien Law § 7). SAP made this payment when it became due, upon SAP's termination of the contract for convenience (see Streever Lbr. Co. v Mitchell, 183 AD 129, 132-133 [3d Dept 1918]; Van Cott & Son v Gallon, 163 Misc 914, 921 [Delaware County Ct 1937]).
That SAP knew when it made the final payment that the general contractor still owed money to plaintiff, but failed to notify plaintiff of its intention to terminate, is insufficient to establish bad faith (see Streever, 183 AD at 133; Wagner v Butler, 155 AD 425, 427 [2d Dept 1913]; NY Plumbers' Specialties Co. v W & C Feldman, Inc., 125 NYS2d 377, 378 [Sup Ct, NY County 1953]; Van Cott, 163 Misc at 922). The fact that SAP opted to terminate for convenience instead of for cause (for nonpayment of subcontractors) is also not sufficient to demonstrate bad faith, as SAP was free to terminate on either ground.
The cases on which plaintiff relies are distinguishable because the payments at issue in those cases were made in advance of when they were due and there was more persuasive evidence of bad faith (see Glens Falls Portland Cement Co. v Schenectady County Coal Co., 163 AD 757, 759-763 [3d Dept 1914]; Lawrence v Dawson, 34 AD 211, 212-215 [2d Dept 1898]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK