**Susan ROGERS, Plaintiff–Appellee,**

**v.**

**NEW YORK UNIVERSITY,**
**Defendant–Appellant.**

**Docket No. 99–9172.**

United States Court of Appeals,
Second Circuit.

Argued April 7, 2000

Decided July 17, 2000

**74**

James A. Brown, New York, NY, for Plaintiff–Appellee.

Terrance J. Nolan, S. Andrew Schaffer, New York, NY, for Defendant–Appellant.

Paul Salvatore, Proskauer Rose LLP, New York, N.Y. (John F. Fullerton III, Ravi B. Motwani, of counsel, New York, NY) submitted a brief for amicus curiae The Realty Advisory Board on Labor Relations, Inc. in support of Defendant–Appellant.

Paul D. Ramshaw, United States Equal Employment Opportunity Commission, Washington, D.C. (C. Gregory Stewart, General Counsel, Philip Sklover, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, Washington, D.C.) submitted a brief for amicus curiae the United States Equal Employment Opportunity Commission in Support of Plaintiff–Appellee.

Geoffrey A. Mort, Pearl Zuchlewski, Goodman & Zuchlewski LLP, New York, NY, submitted a brief for amicus curiae the National Employment Lawyers Association in Support of Plaintiff–Appellee.

Before: VAN GRAAFEILAND and PARKER, Circuit Judges, and UNDERHILL,* District Judge.

PER CURIAM:

In January 1993, Susan Rogers began work for New York University ("NYU") as a clerical employee. A collective bargaining agreement ("CBA") between NYU and Local 3882, United Staff Association of NYU, NYSUT, AFT, AFL–CIO, governed the terms and conditions of Rogers's employment. The CBA contains a "no discrimination" provision, which states that "[t]here shall be no discrimination as defined by applicable Federal, New York State, and New York City laws, against any present or future employee by reason of ... physical or mental disability...." The CBA also provides that "[e]mployees are entitled to all provisions of the Family and Medical Leave Act of 1993 ['FMLA'] that are not specifically provided for in this agreement." A separate grievance and arbitration clause in the CBA provides in substance that disputes arising under the agreement shall be arbitrated.

Asserting medical disorders, Rogers received medical leave under the FMLA on or about August 22, 1997. Allegedly because Rogers's FMLA medical leave time had expired, NYU terminated Rogers on November 17, 1997. On December 15, 1997, Rogers filed a charge of discrimination against NYU with the Equal Employment Opportunity Commission ("EEOC"). On January 13, 1998, the EEOC issued Rogers a right to sue letter, informing her that she could sue NYU in federal court. Rogers commenced the instant action in the Southern District of New York on March 25, 1998. In an amended complaint filed on January 20, 1999, Rogers asserted that NYU had discriminated against her in violation of the Americans with Disabilities Act ("ADA"), the FMLA, and New York State and City human rights laws.

On April 21, 1999, NYU moved, pursuant to § 3 of the Federal Arbitration Act ("FAA"), to stay Rogers's action. In a memorandum and order dated September 9, 1999, District Judge William H. Pauley, III, denied NYU's motion. As Judge Pauley correctly observed, there were two slightly different reasons for denying the stay, either one of which would suffice.

## DISCUSSION

■ The Second Circuit reviews *de novo* a district court order that denies a

---

* Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

motion to stay an action pending arbitration. *Haviland v. Goldman, Sachs & Co.*, 947 F.2d 601, 604 (2d Cir.1991).

## A. Reason # 1

■ By requiring arbitration, the CBA in the instant case purports to waive Rogers's right to a federal forum. Such arbitration clauses, however, are not always enforceable. In 1974, the Supreme Court held that a discharged employee whose grievance had been arbitrated pursuant to an arbitration clause in a CBA was not precluded from bringing an action in federal court based on the same conduct. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 49–51, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *see Barrentine v. Arkansas– Best Freight Sys., Inc.*, 450 U.S. 728, 745– 46, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (concluding, consistent with *Gardner–Denver*, that union cannot waive employee's statutory rights under Title VII). Several years later, the Court narrowed the reach of *Gardner–Denver*. In *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33– 35, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Court held that an employee who had agreed individually to waive his right to a federal forum could be compelled to arbitrate an age discrimination claim.

Following *Gilmer*'s lead, most lower courts have focused on the party negotiating the waiver of rights. When the arbitration provision has been negotiated by a union in a CBA, these courts have held that *Gardner–Denver* applies.[1] The Second Circuit is no exception. *See Tran v. Tran*, 54 F.3d 115, 117–18 (2d Cir.1995) (relying on *Barrentine* and *Gardner–Denver* to conclude that employer could not compel union employee to arbitrate federal statutory claims even though CBA re-

quired arbitration). Only the Fourth Circuit has concluded otherwise. *See Austin v. Owens–Brockway Glass Container, Inc.*, 78 F.3d 875, 880–86 (4th Cir.1996) (holding that CBA requiring arbitration of union member's statutory discrimination claims is enforceable).

The arbitration provision in the instant case, by which employees purport to waive their right to a federal forum with respect to statutory claims, is contained in a union-negotiated CBA. Under *Gardner– Denver*, to which this Court and a majority of others adhere, such provisions are not enforceable. Because an order staying Rogers's suit would be akin to an order compelling arbitration, the district court correctly denied NYU's motion to stay Rogers's federal action pending arbitration.

## B. Reason # 2

■ Although the *Gardner–Denver* rule is sufficient to decide this case, we also address the Supreme Court's recent decision in *Wright v. Universal Maritime Service Corporation*, which could be taken to suggest that, under certain circumstances, a union-negotiated waiver of an employee's statutory right to a judicial forum might be enforceable. *See* 525 U.S. 70, 80–81, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). As the district court correctly concluded, such circumstances are not present here. Furthermore, while *Wright* may have called *Gardner–Denver* into question, it did not overrule it.

In *Wright*, the Court, without addressing the issue of enforceability, stated that, as a condition precedent to enforceability, CBAs, unlike employment contracts exe-

---

[1] *See Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc.*, 199 F.3d 477, 481–86 (D.C.Cir. 1999), *judgment reinstated*, 211 F.3d 1312 (D.C.Cir.2000) (*en banc*); *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 630–32 (6th Cir. 1999); *Albertson's, Inc. v. United Food & Commercial Workers Union*, 157 F.3d 758, 760–62 (9th Cir.1998), *cert. denied*, — U.S. ——, 120 S.Ct. 39, 145 L.Ed.2d 36 (1999); *Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519, 522–27 (11th Cir.1997); *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437, 1451–54 (10th Cir.1997), *vacated on other grounds*, 524 U.S. 947, 118 S.Ct. 2364, 141 L.Ed.2d 732 (1998); *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 363–65 (7th Cir.1997); *Varner v. National Super Markets, Inc.*, 94 F.3d 1209, 1213 (8th Cir.1996).

cuted by individual employees, that purport to waive an employee's right to bring discrimination claims in federal court must be clear and unmistakable. *Id.* at 80, 119 S.Ct. 391. In *Wright,* a longshoreman who belonged to a union sued his employer under the ADA. *Id.* at 72–75, 119 S.Ct. 391. The CBA governing the plaintiff's employment provided that disputes arising out of the CBA would be arbitrated. *Id.* at 73, 119 S.Ct. 391. The Supreme Court stated that a waiver of statutorily conferred rights in a CBA must be explicit. *Id.* at 80, 119 S.Ct. 391. Noting the broad language of the arbitration clause and that the CBA did not specifically incorporate pertinent statutory antidiscrimination requirements and make compliance therewith a contractual commitment, the Court concluded that the waiver of the right to a federal forum was not clear and unmistakable. *Id.* at 80–82, 119 S.Ct. 391. Because the waiver was not explicit, the Court declined to consider whether clear and unmistakable waivers are enforceable. *Id.* at 82, 119 S.Ct. 391.

Subsequent to *Wright,* other courts have determined that a waiver of statutorily conferred rights contained in a CBA is sufficiently clear and unmistakable if either of two conditions is met. First, a waiver is sufficiently explicit if the arbitration clause contains a provision whereby employees specifically agree to submit all federal causes of action arising out of their employment to arbitration. *Carson v. Giant Food, Inc.,* 175 F.3d 325, 331–32 (4th Cir.1999); *see Bratten v. SSI Servs., Inc.,* 185 F.3d 625, 631 (6th Cir.1999) (discussing *Wright* test); *Giles v. City of New York,* 41 F.Supp.2d 308, 311–12 (S.D.N.Y. 1999) (same); *Beason v. United Techs. Corp.,* 37 F.Supp.2d 127, 130 (D.Conn. 1999) (same). The arbitration clause at issue in the instant case is broad and general. It encompasses "any dispute concerning the interpretation, application, or claimed violation of a specific term or provision of this Agreement." This degree of generality falls far short of a specific agreement to submit all federal claims to arbitration.

Second, a waiver may be sufficiently clear and unmistakable when the CBA contains an explicit incorporation of the statutory anti-discrimination requirements in addition to a broad and general arbitration clause. *Carson,* 175 F.3d at 332. Thus, "[i]f another provision, like a nondiscriminatory clause, makes it unmistakably clear that the discrimination statutes at issue are part of the agreement, employees will be bound to arbitrate their federal claims." *Id.* Courts agree that specific incorporation requires identifying the anti-discrimination statutes by name or citation. *Bratten,* 185 F.3d at 631; *Prince v. Coca–Cola Bottling Co. of N.Y.,* 37 F.Supp.2d 289, 293 (S.D.N.Y.1999). Moreover, as the Supreme Court stated in *Wright,* the CBA should make compliance with the named or cited statute a contractual commitment that is subject to the arbitration clause. *Wright,* 525 U.S. at 81, 119 S.Ct. 391; *see Prince,* 37 F.Supp.2d at 293 (citing *Wright,* 525 U.S. at 81, 119 S.Ct. 391).

■ The instant Agreement contains both a general arbitration clause and a nondiscrimination provision. However, neither incorporates anything explicitly. Furthermore, while the Agreement's "leave of absence" clause does create contractual rights coextensive with the FMLA, the collective bargaining agreement does not specifically make compliance with *the FMLA* a contractual commitment that is subject to the arbitration clause. As the Supreme Court noted in *Wright,* incorporating federal laws into a collective bargaining agreement merely "creat[es] a contractual right that is coextensive with the federal statutory right." *Wright,* 525 U.S. at 79, 119 S.Ct. 391. However, the Court went on to note that creating coextensive rights "is not the same as making compliance with the [federal statute] a contractual commitment that would be subject to the arbitration clause." *Id.* at 81, 119 S.Ct. 391.

The foregoing analysis of reason number two reveals that waiver in the instant case is not clear and unmistakable. The CBA does not contain a provision whereby employees explicitly agree to submit all federal claims to arbitration. Moreover, the CBA does not satisfactorily incorporate federal antidiscrimination law both because reference to such law is too broad and because the CBA does not explicitly make compliance with that law a contractual commitment that is subject to the arbitration provision.

The order of the district court is affirmed.