**Sharon PARIS, Plaintiff,**

v.

**DALLAS AIRMOTIVE, INC., Defendant.**

**No. Civ.A.3:97–CV–0208–L.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 8, 2001.

John E Shulman, Law Office of John E Shulman, Dallas, TX, Robert L Sims, White Sims & Wiggins, Dallas, TX, Jamshyd Michael Zadeh, Bourland Kirkman Seidler & Evans, Fort Worth, TX, for Sharon Paris.

Robin S Ghio, Jenkens & Gilchrist, Dallas, TX, Richard Matthew Kobdish, Jr, Fulbright & Jaworski, Dallas, TX, for Dallas Airmotive Inc.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court is Defendant's Rule 12(b)(1) Motion to Dismiss, filed August 11, 2000. After careful review of the applicable authorities and filing submitted by the parties, the court, for the reasons that follow, **denies** Defendant's motion to dismiss

### I.  Background

Plaintiff Sharon Paris filed this lawsuit on January 31, 1997, against Defendant Dallas Airmotive, Inc., alleging sexual harassment, discrimination and retaliation, as well as state law claims of intentional infliction of emotional distress and assault. Plaintiff, a test cell mechanic, was terminated from her employment with Defendant in August 1996. Pursuant to the parties' collective bargaining agreement, Plaintiff filed a grievance challenging her termination and treatment. When the company responded unfavorably. Plaintiff's union instituted arbitration proceedings on September 16, 1996, pursuant to the collective bargaining agreement. On October 15, 1996, Plaintiff filed an amended discrimination charge with EEOC, alleging sex and race discrimination and retaliation. On August 15, 1997, a hearing on Plaintiff's grievance was heard before a neutral arbitrator, and Plaintiff's grievance was denied on October.31, 1997.

Defendant has filed a motion to dismiss pursuant to Rule 12(b)(1). Defendant contends that Plaintiff has waived her right to bring a statutory discrimination claim against it pursuant to the collective bargaining agreement.* Plaintiff contends

* Waiver is an affirmative defense which must be pleaded See Fed. R. Civ. P. 8(c). Defendant has not pleaded waiver; however, it is being raised in the context of subject matter jurisdiction which can be raised at any stage

that Defendant's motion should be denied because the collective bargaining agreement does not contain any clear and explicit language which establishes that the union agreed to a waiver of the employee's right to litigate employment discrimination claims in a federal forum. Defendant maintains that case law supports its argument that the court should enforce the parties' collective bargaining agreement, which it contends places the statutory rights raised in Plaintiff's Complaint in the province of an arbitrator.

## II. *Analysis*

■ The most informative and helpful case in deciding the issue presented by Defendant's motion to dismiss is *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). To require arbitration, the Court held that any union-negotiated contract must contain "clear and unmistakable" language that the parties intend to waive a statutorily protected right. *Id.* at 80, 119 S.Ct. 391. The collective bargaining agreement in this case contains a grievance and arbitration provision and a nondiscrimination provision. The nondiscrimination language states in pertinent part:

Article 5

Nondiscrimination

. . . . .

B. The Company and the Union agree they will comply with all statutes and laws prohibiting discrimination against any employee because of race, religion, creed, color, age, national origin, disability, or sex. The parties further agree to comply with all other anti-discrimination in employment statutes applicable to the parties. The parties likewise agree that any adopted and amended governmental statutes and regulations pertaining to nondiscrimination applicable to the Company (as prime contractor or subcontractor for [the] government or as an enter-

prise in interstate commerce) shall be adopted as part of the Agreement and shall have the same force and effect as if actually written herein.

Defendant argues that the nondiscrimination provision requires this action be dismissed for lack of subject matter jurisdiction. While Defendant certainly makes a respectable and appealing argument, the court cannot ignore the plain and unequivocal language of *Wright* which requires that any waiver of an employee's right to a judicial forum for federal claims be stated in clear and unmistakable language. The court has carefully examined the portion of the collective bargaining agreement that deals with arbitration, and no language at all is even referenced regarding waiver or the relinquishment of any known rights, much less the waiver of a federally protected statutory right pertaining to employment discrimination.

■ Defendant contends that the nondiscrimination clause of the collective bargaining agreement unmistakably covers and incorporates its (Defendant's) noncompliance of federal discrimination statutes, and, in conjunction with the general arbitration provision, requires any alleged noncompliance to be presented to an arbitrator for resolution. Assuming this to be the case, the inclusion of such language fails to carry the day for Defendant. What the court finds troublesome is that there is no clear and explicit language in the collective bargaining agreement that informs employees of what rights or remedies they have under Title VII and that they are knowingly giving up their right to have any alleged violation of Title VII heard in a federal judicial forum. A waiver by definition necessarily requires that a person knowingly relinquish or give up a known right. Without being apprised in some fashion of the right being relinquished, one simply cannot say that the waiver of a federal forum was "clear and unmistakable," or that the intent to waive a federal

of the litigation, including the appellate level.

Defendant's motion is therefore proper.

judicial forum was "clear and unmistakable."

In advancing its position that the statutes under which Plaintiff brings her lawsuit have been expressly incorporated into the collective bargaining agreement and therefore it is unmistakably clear that the antidiscrimination statutes are part of the collective bargaining agreement, Defendant relies on *Brown v. ABF Freight Sys., Inc.*, 183 F.3d 319 (4th Cir.1999), and *Carson v. Giant Food, Inc.*, 175 F.3d 325 (4th Cir.1999). Although both cases state the two situations under which a clear and unmistakable waiver can occur, neither held that the nondiscrimination provision before them was sufficiently incorporated into the collective bargaining agreement to make particularly clear the intent of the parties to arbitrate statutory employment discrimination claims. Other than stating the rule of law, these cases provide little assistance in resolving the issue presented to the court.

*Carson* discusses the two situations where waiver of a statutory conferred right in a collective bargaining agreement is sufficiently clear and unmistakable. First, such a waiver meets this test if the arbitration provision in the collective bargaining agreement contains language whereby the employees specifically agree to submit all federal claims arising out of their employment to arbitration. *Id.* at 331–32. As no such language exists in the collective bargaining agreement, the first situation is inapplicable to this case. Second, a waiver will be clear and unmistakable if the collective bargaining agreement contains an explicit incorporation of the statutory antidiscrimination requirements and a general arbitration provision. *Id.* at 332. Specific incorporation requires that the collective bargaining agreement identify the statute by name or citation. *Rogers v. New York Univ.*, 220 F.3d 73, 76 (2nd Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 626, 148 L.Ed.2d 535 (2000); *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 631 (6th Cir.1999); and *Quint v. A.E. Staley Mfg.*

*Co.*, 172 F.3d 1, 9 (1st Cir.1999). The collective bargaining agreement in this case clearly does not identify the antidiscrimination statutes by name or citation, and thus fails to satisfy the second situation. Accordingly, the waiver in this case is not clear and unmistakable under either situation.

### III. *Conclusion*

For the reasons stated herein, the court finds that the collective language agreement in this action does not contain a clear and unmistakable waiver of the covered employees' rights to a judicial forum for federal claims of employment discrimination. Accordingly, Defendant's Rule 12(b)(1) Motion to Dismiss is **denied.**