**Marcos A. MOREL, Plaintiff–Appellant,**

v.

**AMERICAN BUILDING MAINTENANCE COMPANY, Defendant–Appellee.**

No. 03–9327.

United States Court of Appeals, Second Circuit.

Jan. 27, 2005.

Marcos A. Morel, New York, New York, for Appellant, pro se.

Harry Weinberg, New York, New York, for Appellee.

Present: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on November 4, 2003, granting defendant's motion for summary judgment on the grounds of res judicata and collateral estoppel, is VACATED and the case is REMANDED for further proceedings consistent with this order.

Pro se plaintiff Marcos A. Morel appeals the district court's grant of summary judgment to defendant American Building Maintenance Company on the grounds of res judicata and collateral estoppel. *See Morel v. ABMCO. Co.*, No. 02 Civ. 3564, 2003 WL 22299320, at *2–*3 (S.D.N.Y. Oct. 7, 2003). We review the district court's grant of summary judgment de novo. *See Santini v. Conn. Hazardous Waste Mgmt. Serv.*, 342 F.3d 118, 124 (2d Cir.2003). We assume the parties' knowledge of the facts and the procedural history of the case, which we reference only as necessary to explain our disposition.

The district court awarded summary judgment in favor of American Building Maintenance because the employment dis-

crimination claims that are the subject of this Title VII action had been resolved adversely to Morel in a labor arbitration mandated by a collective bargaining agreement ("CBA"). In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 49 n. 10, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), however, the Supreme Court ruled that federal courts should not give preclusive effect to the arbitral resolution of federal statutory claims. Relying on *Gardner–Denver*, this court has repeatedly concluded that "a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee." *Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 119 (2d Cir.2002); *see also Rogers v. N.Y. Univ.*, 220 F.3d 73, 75 (2d Cir.2000); *Bottini v. Sadore Mgmt. Corp.*, 764 F.2d 116, 121 (2d Cir.1985). In its brief urging affirmance, American Building Maintenance fails to discuss this precedent, much less argue for any exception to it. *Cf. Rogers v. N.Y. Univ.*, 220 F.3d at 76–77; *see also Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir.1998) (holding appellee's objection to appellant's argument waived by appellee's failure to include it in brief on appeal as required by Fed. R.App. P. 28(b)).

The fact that an adverse arbitral award on an employment discrimination claim does not preclude a Title VII action does not render the award irrelevant to plaintiff's pursuit of judicial relief. *See Alexander v. Gardner–Denver Co.*, 415 U.S. at 60 n. 21 (noting that court may give arbitral decision such weight as it determines appropriate in light of the facts and circumstances of each case). Indeed, this court has stated that an adverse decision by an independent, neutral, and unbiased adjudicator "is highly probative of the absence of discriminatory intent." *Collins v. N.Y. City Transit Auth.*, 305 F.3d at 119. Thus, "to survive a motion for summary judgment" based on insufficient evidence

to raise a triable issue of fact, a plaintiff who has failed in arbitration "must present strong evidence that the decision was wrong as a matter of fact—e.g. new evidence not before the tribunal—or that the impartiality of the proceeding was somehow compromised." *Id.* Because American Building Maintenance did not move for summary judgment on this ground, arguing only the preclusive effect of the arbitral award, the district court has not yet had occasion to consider whether plaintiff can adduce such evidence.

The judgment of the district court, entered on November 4, 2003, granting defendant's motion for summary judgment on the grounds of res judicata and collateral estoppel, is hereby VACATED, and the case is REMANDED for further proceedings consistent with this order.