15-3087-cv
Winston Lawrence v. Sol G. Atlas Realty Co., Inc., et al.

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: September 16, 2016      Decided: October 28, 2016)

Docket No. 15-3087

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WINSTON LAWRENCE,

Plaintiff-Appellant,

- v.-

SOL G. ATLAS REALTY CO., INC., PETER FIDOS, and SANDRA ATLAS BASS,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:      JACOBS, LIVINGSTON, Circuit Judges, and RAKOFF,[*]
District Judge.

Winston Lawrence, a union employee, alleges that his employer, and

specifically its CEO and Lawrence's direct supervisor, discriminated against him

---

[*]      Judge Jed S. Rakoff, of the United States District Court for the Southern
District of New York, sitting by designation.

on the basis of his race and/or national origin in violation of 42 U.S.C. § 1981

("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the

New York State Human Rights Law ("NYSHRL"), and retaliated against him in

violation of Section 1981, Title VII, the NYSHRL, the Fair Labor Standards Act

("FLSA"), and the New York Labor Law ("NYLL").   The sole issue on appeal is

whether the collective bargaining agreement ("CBA"), which requires arbitration

of disputes over discrimination, requires arbitration of statutory claims.   The

United States District Court for the Eastern District of New York (Hurley, J.), held

that it does.   Based on our conclusion that the CBA's arbitration requirement

does not encompass statutory discrimination or retaliation claims with wording

that is "clear and unmistakable," we vacate the district court's grant of

Defendants' motion to compel arbitration and dismiss the complaint, and we

remand for further proceedings.

Vacated and remanded.

> ANDREW S. GOODSTADT, Goodstadt
> Law Group, PLLC, Carle Place, NY, for
> Plaintiff-Appellant.
>
> JESSICA M. BAQUET (Stanley A. Camhi,
> on the brief), Jaspan Schlesinger LLP,
> Garden City, NY, for

2

DENNIS JACOBS, Circuit Judge:

Winston Lawrence, a union member, alleges that his employer, and specifically its CEO and Lawrence's direct supervisor, discriminated and retaliated against him in violation of several federal and New York state statutes. The sole issue on appeal is whether the collective bargaining agreement ("CBA") contains a "clear and unmistakable" waiver of Lawrence's right to pursue his statutory claims in federal court. The United States District Court for the Eastern District of New York (Hurley, J.) held that it does, granted Defendants' motion to compel arbitration, and dismissed the complaint. We disagree, and accordingly, we vacate and remand for further proceedings.

## BACKGROUND

Plaintiff is a black man of West Indian descent who has been employed as a porter by Sol G. Atlas Realty Co., Inc. ("Atlas"), a property management company, since 1994. Plaintiff alleges that Atlas, his Supervisor Peter Fidos, and Atlas CEO Sandra Atlas Bass (collectively, "Defendants") discriminated against him on the basis of his race and/or national origin in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the

3

New York State Human Rights Law ("NYSHRL"), and retaliated against him in violation of Section 1981, Title VII, the NYSHRL, the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"). Specifically, he claims that Defendants subjected him (and other black and West Indian porters) to unequal scrutiny and discipline, to harassment, and to other disadvantageous conditions of employment, and that they retaliated against him when he registered complaints internally and to the EEOC, and when he opposed Atlas's failure to pay overtime to its employees (in part by participating in a Department of Labor investigation). The alleged acts of retaliation included imposing discipline and docking his pay without basis, threatening to terminate his employment, and manipulating the time clock to create the impression that he was late.

As a member of the Service Employees International Union, Local 32BJ, Plaintiff's employment is governed by a collective bargaining agreement. Collectively bargained agreements to arbitrate statutory discrimination claims must be "clear and unmistakable." Wright v. Universal Mar. Serv. Corp., 525 U.S. 70, 80-81 (1998); see also Rogers v. New York University, 220 F.3d 73, 76-77 (2d Cir. 2000) (per curiam), abrogated on other grounds by 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009). Article X, Clause 23 of the CBA is entitled, "No

4

Discrimination," and it states in pertinent part:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability of an individual in accordance with applicable law, national origin, sex, sexual orientation, union membership, or any characteristic protected by law. Any disputes under this provision shall be subject to the grievance and arbitration procedure (Article V).

J. App'x 50.

Article V of the CBA sets out the mechanism of arbitration. It states in relevant part that "[a] grievance shall first be taken up directly between the Employer and the Union"; that "[a]ny dispute or grievance between the Employer and the Union which cannot be settled directly by them shall be submitted to the Office of the Contract Arbitrator . . ."; and that "[t]he procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues . . . ." J. App'x 41-42.

Various provisions in CBA Articles II, IX, and X regulate terms and conditions of employment, including wages and hours. None of these provisions, however, mention Atlas's obligation to comply with Section 1981, Title VII, the NYSHRL, FLSA, or NYLL, or with statutory law generally.

5

Plaintiff brought suit in June 2014 alleging discrimination under Section 1981, Title VII, and the NYSHRL and retaliation under Section 1981, Title VII, the NYSHRL, the FLSA, and the NYLL. Defendants' motion to compel arbitration pursuant to the Federal Arbitration Act and dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or 12(b)(6) was referred to Magistrate Judge Gary R. Brown, whose report recommended that Defendants' motion to compel arbitration be granted and the case be dismissed. The district court adopted Magistrate Judge Brown's report and held that the CBA clearly and unmistakably requires arbitration of Plaintiff's claims under this Court's holding in Rogers.[1]

## DISCUSSION

We review de novo a district court's grant of a motion to compel arbitration, Cohen v. UBS Fin. Servs., Inc., 799 F.3d 174, 177 (2d Cir. 2015), and its grant of a motion to dismiss a complaint under Rules 12(b)(1) or 12(b)(6), ACLU v. Clapper, 785 F.3d 787, 800 (2d Cir. 2015).

Claims under Section 1981, Title VII, the NYSHRL, the FLSA, and NYLL

---

[1] The case was dismissed, rather than stayed pending arbitration, because none of the parties requested a stay.

may be made subject to arbitration.   The issue is whether the CBA governing Plaintiff's employment contains a "clear and unmistakable" waiver of Plaintiff's right to pursue his statutory claims in federal court.   In order for a mandatory arbitration provision in a CBA to encompass an employee's statutory discrimination claims, the inclusion of such claims must be unmistakable, so that the wording is not susceptible to a contrary reading.   See Wright, 525 U.S. at 80-81.   In Wright, the CBA stated in pertinent part that "no provision or part of this Agreement shall be violative of any Federal or State Law," id. at 73, and that "[m]atters under dispute which cannot be promptly settled between the Local and an individual Employer shall, no later than 48 hours after such discussion, be referred in writing covering the entire grievance to a Port Grievance Committee," id. at 72.   The Court held that these provisions did not clearly and unmistakably require arbitration of the plaintiff's claim under the Americans with Disabilities Act.   Id. at 80.   Among other reasons cited, the Court stated that the "arbitration clause is very general, providing for arbitration of 'matters under dispute,' . . . which could be understood to mean matters in dispute under the contract."   Id. (citation omitted).

      We had occasion to apply the "clear and unmistakable" standard in Rogers

7

v. New York University, in which an employer sought to compel arbitration of a union employee's claims under the Americans with Disabilities Act, the Family Medical Leave Act, and New York State and City Human Rights Laws. 220 F.3d at 76-77. The CBA stated, in relevant part, that: (1) "there shall be no discrimination as defined by applicable Federal, New York State, and New York City laws, against any present or future employee by reason of . . . physical or mental disability"; and (2) "any dispute concerning the interpretation, application, or claimed violation of a specific term or provision of this Agreement" must be arbitrated. Id. at 74, 76 (alteration in original). We held that the provisions at issue did not clearly and unmistakably waive the employee's federal forum rights because they neither explicitly compelled arbitration of statutory (as opposed to contractual) causes of action, nor did they incorporate specific antidiscrimination statutes. Id. at 77.

Our holding in Rogers finds support among our sister circuits, which have likewise interpreted the "clear and unmistakable" standard to require specific references in the CBA either to the statutes in question or to statutory causes of action generally. See, e.g., Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d 1, 7 n.7 (1st Cir. 2012) ("A broadly-worded arbitration clause . . . will not

suffice; rather, something closer to specific enumeration of the statutory claims to be arbitrated is required."); <u>Carson v. Giant Food, Inc.</u>, 175 F.3d 325, 331-32 (4th Cir. 1999) (explaining that the "requisite degree of clarity can be achieved by two different approaches," either: (1) "the CBA must contain a clear and unmistakable provision under which the employees agree to submit to arbitration all federal causes of action arising out of their employment"; or (2) it "must include an explicit incorporation of statutory antidiscrimination requirements" (internal quotation marks omitted)); <u>Ibarra v. United Parcel Serv.</u>, 695 F.3d 354, 359-60 (5th Cir. 2012) ("[C]ourts have concluded that for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."); <u>Bratten v. SSI Servs., Inc.</u>, 185 F.3d 625, 631 (6th Cir. 1999) ("[A] statute must specifically be mentioned in a CBA for it to even approach <u>Wright</u>'s 'clear and unmistakable' standard.").

The CBA here does not satisfy this exacting standard. Article X, Clause 23 -- the "No Discrimination" provision -- clearly prohibits discrimination on the basis of "any characteristic protected by law" and compels arbitration of "[a]ny

9

disputes under [that] provision," unmistakably creating a contractual right of employees to be free from unlawful discrimination that is subject to arbitration. J. App'x 50. However, a contractual dispute is not the same thing as a statutory claim, even if the issues involved are coextensive. Wright, 525 U.S. at 76 (observing that "a grievance is designed to vindicate a 'contractual right' under a CBA, while a lawsuit under Title VII asserts 'independent statutory rights accorded by Congress'" (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 49-50 (1974))).

The "No Discrimination" provision may plausibly be interpreted to require arbitration of contractual disputes only. It makes no mention of "claims" or "causes of action." It cites no statutes. It refers to disputes under "this provision," not under statutes. The references to "law" do no more than define the characteristics on which discrimination is contractually forbidden under the CBA. They do not suggest that statutory discrimination claims based on those characteristics are subject to arbitration.[2]

---

[2] Significantly, the arbitration procedure outlined in Article V of the CBA covers "[a]ny dispute or grievance between the Employer and the Union." J. App'x 41. A statutory discrimination claim would be between the employer and the employee.

10

Our conclusion -- that the CBA does not effectuate a clear and unmistakable waiver -- is consistent with both the Supreme Court's decision in Wright and our decision in Rogers.   As in Wright, the relevant wording here -- the "No Discrimination" provision's reference to "any disputes under this provision" and the arbitration provision's reference to "[a]ny dispute or grievance between the Employer and the Union" -- could be interpreted to mean disputes under the CBA and not claims under antidiscrimination statutes.[3]   See Wright, 525 U.S. at 80.   Likewise, as in Rogers, the CBA here broadly prohibits the employer from engaging in unlawful discrimination and compels arbitration of "disputes" regarding this prohibition without making unmistakably clear that "disputes" includes statutory claims.   The CBA in Rogers and the CBA here both reference statutory law: in Rogers, "there shall be no discrimination as defined by applicable Federal, New York State, and New York City laws," 220 F.3d at 74;

---

[3]   As the Supreme Court recently held in M&G Polymers USA, LLC v. Tackett, 135 S. Ct. 926, 933 (2015), "[w]e interpret collective-bargaining agreements, including those establishing ERISA plans, according to ordinary principles of contract law, at least when those principles are not inconsistent with federal labor policy."   Defendants argue that such a focus on the plain meaning of the CBA at issue discloses a clear intent to arbitrate all disagreements pertaining to discrimination.   However, Tacket did not involve an arbitration provision and did not presume to alter the well-established "clear and unmistakable" standard applicable to such provisions.

here, "[t]here shall be no discrimination . . . by reason of . . . any characteristic protected by law," J. App'x 50; but these references define the discrimination that is prohibited, not the type of dispute (statutory rather than just contractual) that is subject to arbitration.

Our conclusion applies with equal force to Plaintiff's retaliation claims. "Retaliation . . . is a form of discrimination because the complainant is being subjected to differential treatment." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005) (internal quotation marks omitted). Because the CBA does not clearly and unmistakably require arbitration of statutory discrimination claims (and does not treat retaliation separately from discrimination), Plaintiff's retaliation claims, like his discrimination claims, may be pursued in federal court.

## CONCLUSION

For the foregoing reasons, we vacate the district court's grant of Defendants' motion to compel arbitration and dismiss the complaint, and we remand for further proceedings.