18-3851-cv
*National Union Fire v. BMC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
              BARRINGTON D. PARKER,
              DENNY CHIN,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, AMERICAN
HOME ASSURANCE COMPANY, THE
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA,

                     *Petitioners-Appellees,*

              v.                                              18-3851-cv

BMC STOCK HOLDINGS, INC.,

                     *Respondent-Appellant,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS-APPELLEES:  EAMON P. JOYCE (Nicholas P. Crowell *and* David S. Kanter, *on the brief*), Sidley Austin LLP, New York, New York; Michael Steven Davis, Yoav Michael Griver, Zeichner, Ellman & Krause LLP, New York, New York.

FOR RESPONDENT-APPELLANT:  ALLEN R. WOLFF (Ethan W. Middlebrooks, *on the brief)*, Anderson Kill P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Respondent-appellant BMC Stock Holdings Inc. ("BMC") appeals from a judgment, entered December 3, 2018, granting the petition of petitioners-appellees National Union Fire Insurance Company of Pittsburgh, PA, American Home Assurance Company, and the Insurance Company of the State of Pennsylvania (collectively, "National Union") to compel arbitration of claims BMC filed against National Union in the United States District Court for the Central District of California (the "California Action"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

BMC is the successor by merger to Building Materials Holding Corporation ("BMHC"), which purchased four "fronting" general liability insurance

policies from National Union (the "Policies").[1] The Policies obligate National Union to extend -- or front -- coverage, including defense costs, to a policyholder or an "Additional Insured," App'x at 197, and they further obligate the policyholder, in turn, to reimburse National Union for coverage properly extended. The parties also entered into a payment agreement (the "Payment Agreement"), under which National Union agreed "to provide [the insured] Insurance and services according to the Policies" and BMC agreed "to pay [National Union] all [the insured's] Payment Obligation." App'x at 18.

The Payment Agreement contains an arbitration provision that provides that when the insured "disagree[s] with [National Union] about any amount of [its] Payment Obligation that [National Union] ha[s] asked [it] to pay," it must provide National Union with "written particulars" concerning the dispute and timely pay all undisputed charges. App'x at 23. If, following further correspondence between the parties, a dispute remains, "[a]ny disputed items . . . must immediately be submitted to arbitration." *Id.* The Payment Agreement also provides that "[a]ny other unresolved dispute arising out of this Agreement must be submitted to arbitration." *Id.*

In 2017, National Union sent invoices to BMC seeking reimbursement for amounts National Union paid for litigation defense costs to various Additional

---

[1] Because there is no dispute that BMC stands in the shoes of BMHC and is bound by the Policies and Payment Agreement, the two entities are hereinafter referred to interchangeably as BMC.

Insureds. BMC reimbursed National Union for some of the claims, but it disputed eleven others, contending that it had no obligation to pay because National Union had failed to properly investigate these claims. After National Union "remain[ed] steadfast in its position that its duty to defend was triggered for these eleven claims," App'x at 136, BMC commenced the California Action, seeking a declaratory judgment that it was not obligated to reimburse National Union for the disputed claims. National Union responded by serving BMC with a demand for arbitration and filing this petition in the court below to compel arbitration.

By an Opinion and Order issued December 3, 2018, the district court below interpreted the Payment Agreement's arbitration provision as extending to the California Action and granted National Union's motion to compel arbitration. On appeal, BMC contends that the district court erred because the claims asserted in the California Action fall outside the arbitration provision's scope. In the alternative, BMC argues that even if the Payment Agreement's arbitration provision does extend to the claims raised in the California Action, the district court erred in failing to recognize an exemption in the Payment Agreement for bad faith claims.

### STANDARD OF REVIEW

We review *de novo* both a district court's grant of a motion to compel arbitration, *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016), and its

4

interpretation of a contract, *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006).

## *DISCUSSION*

The district court correctly granted the petition to compel arbitration.[2] BMC's complaint in the California Action alleges that National Union "failed to conduct a proper investigation" into various underlying coverage claims, App'x at 111, and seeks a declaratory judgment that "[BMC] owes no payments to [National Union] for reimbursement of [National Union's] voluntary payments," App'x at 112. The district court rightly concluded that because the California Action involved a dispute about "[BMC's] Payment Obligation," App'x at 23, that dispute "must be submitted to arbitration." *Id.*

BMC argues that the Payment Agreement does not govern the coverage dispute here because it is the Policies -- not the Payment Agreement -- that require National Union to properly investigate claims before extending coverage. This

---

[2] National Union contends that we can affirm on the alternative ground that the Payment Agreement's arbitration provision requires even the threshold question of arbitrability to go to an arbitrator. We agree with the district court, however, that the addendum to the Payment Agreement, which provided that "any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, any action or proceeding concerning arbitrability, including motions . . . to stay arbitration, may be brought only in a [New York] court," introduced sufficient ambiguity into the contract to authorize judicial resolution of the threshold arbitrability inquiry. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." (internal quotation marks and alterations omitted)).

argument, however, ignores the Payment Agreement's language, which clearly incorporates the terms of the Policies by reference. The Payment Agreement requires disputes about BMC's "Payment Obligation" to be submitted to an arbitrator. App'x at 23. "Payment Obligation," in turn, is defined as the "the amounts that [BMC] must pay [National Union]" for insurance coverage and services "in accordance with the terms of the *Policies.*" App'x at 44 (emphasis in original). By referencing the Policies in its terms, the Payment Agreement provides that even payment disputes premised on an underlying coverage dispute fall within the arbitration provision's reach.

The district court also did not err in declining to follow Sixth and Ninth Circuit cases affirming the denials of motions to compel arbitration, *see Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 411 F.3d 669 (6th Cir. 2005); *UMG Recordings, Inc. v. Am. Home Assurance Co.,* 378 F. App'x 766 (9th Cir. 2010), or the reasoning of a decision from the District of Hawaii, *see Aloha Petroleum, Ltd. v. Nat'l Union Fire Insurance Co. of Pittsburgh, PA*, 25 F. Supp. 3d 1305 (D. Haw. 2014). The district court properly noted that *Alticor* is distinguishable because, unlike the Payment Agreement here, the payment agreement at issue in that case did not incorporate the underlying insurance policies by reference.[3]

---

[3]     *See Alticor*, 411 F.3d at 672 (observing that that payment agreement "fail[s] even to refer to the insurance policy").

As for *Aloha* and *UMG Recordings*, the Supreme Court has instructed that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including when the issue "is the construction of the contract language itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Given that these cases are contradicted by case law in this Circuit, *see Ins. Co. of Pennsylvania v. Miami-Dade Cty.*, No. 17 CIV. 9327 (LGS), 2018 WL 2077901, at *3 (S.D.N.Y. May 2, 2018); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 402 (2d Cir. 2010), the district court did not err in following clear contract language over the reasoning of a non-precedential summary affirmance and a non-controlling lower court case. *See Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 752 (2017) (noting that California's "traditional rules of contract interpretation" obligate courts to determine the "mutual intention of the parties . . . [by looking] to the writing alone" and giving contractual provisions their "clear and explicit meaning" (internal quotations marks omitted)).[4]

Finally, BMC's argument regarding the bad faith exception is similarly without merit because any allegation that National Union extended coverage in "bad faith" is still a "Payment Dispute" that must be arbitrated. The Payment Agreement

---

[4]    The parties agree for purposes of this appeal that California law guides the interpretation of these contracts. *See All. Bernstein Inv. Research & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006) (holding that when interpreting arbitration provisions under the Federal Arbitration Act, "[b]oth federal and state law apply").

obligates BMC to reimburse National Union for "any payment . . . that the claims service provider or [National Union] . . . [makes] in the absence of negligence and in good faith under any of the Policies." App'x at 19. While BMC contends that this language takes "bad faith" allegations outside of the Payment Agreement, the bad faith provision is simply another agreed-upon term to guide an arbitrator in resolving a Payment Dispute. As the district court rightly put it, BMC's bad faith claim "boil[s] down to [a] merits argument[] related to the underlying payment dispute," S. App'x at 11, and "does nothing to change the baseline fact that BMC 'disagree[s] with [National Union] about [the] amount of [the] Payment Obligation that [National Union] ha[s] asked [it] to pay.'" *Id.* (emphasis omitted) (quoting App'x at 23).

\* \* \*

We have considered BMC's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk