■ Peggy Taylor, Plaintiff, and Lemoyne K. Young, Respondent, v American Bankers Insurance Group, Inc., et al., Appellants. [700 NYS2d 458] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 14, 1999, which, in an action to recover for breach of contract and violation of General Business Law §§ 349 and 350, granted the motion for class certification by the remaining plaintiff, and order, same court and Justice, entered April 28, 1999, directing class notification, unanimously affirmed, with costs.

The motion court properly exercised its discretion in concluding that this matter should be prosecuted as a class action (see, Ackerman v Price Waterhouse, 252 AD2d 179, 191; Lauer v New York Tel. Co., 231 AD2d 126, 130), since the predominant focus of this litigation is defendants' general practice of offering, in prominent print, ostensibly easily available credit insurance coverage, while, at the same time, relegating to small, inconspicuous print the precise terms of the coverage being extended, and then rejecting insurance claims on the ground that the customer had not been paying for the appropriate type of insurance. This general practice, and the question of whether it constitutes a consumer fraud, affects hundreds, if not thousands, of consumers who, responding to offers of the above-described type, enrolled for the credit insurance defendants purported to offer. Although defendants contend that they used a variety of forms and promotions, there was ample justification for the motion court's finding that the solicitations in question did not differ materially. Accordingly, given the nature and uniformity of defendants' offers of coverage, any matters relating to individual reliance and causation are relatively insignificant, if not irrelevant, and, as such, do not preclude class certification (see, Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22). Courts, moreover, routinely certify multi-State or nationwide classes in instances where common questions of law or fact predominate over those affecting only individuals, and in such cases the substantive law of the forum State is applicable, except when inconsistent with otherwise applicable State law (see, Phillips Petroleum Co. v Shutts, 472 US 797, 816; Wells v Shearson Lehman/American Express, 72 NY2d 11, 18). While defendants assert, in a conclusory manner, that the law of all 50 States is relevant to the adjudication of this matter, defendants are all residents of Florida, and there is no appar-

ent conflict between the law of New York and that of Florida insofar as consumer issues are concerned.

We have considered defendants' remaining arguments and find them to be unavailing. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.