■ Gerald D. Broder, on Behalf of Himself and All Others Similarly Situated, Respondent, v MBNA Corporation et al., Appellants. [722 NYS2d 524] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 10, 2000, which, in an action by a credit card-holder against a credit card issuer, insofar as appealed from, granted plaintiff's motion for class certification and denied so much of defendant's cross motion as sought summary judgment dismissing the causes of action for breach of contract and violation of General Business Law §§ 349 and 350, unanimously modified, on the law and the facts, to dismiss the cause of action under General Business

Law § 350 upon plaintiff's representation in his brief that he does not wish to pursue that claim, and otherwise affirmed, without costs.

Under Delaware law, applicable to the subject credit card agreement, every contract carries with it an implied duty to perform in good faith (*see, Greytak Enters. v Mazda Motors*, 622 A2d 14 [Del Ch], *affd* 609 A2d 668 [Del Sup Ct]), which duty "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the contract" (*Wilgus v Salt Pond Inv. Co.*, 498 A2d 151, 159 [Del Ch]). "However, the duty arises only where it is clear from what the parties expressly agreed, that they would have proscribed the challenged conduct as a breach of the implied covenant of good faith had they thought to negotiate with respect to the matter * * * It follows that where the subject at issue is expressly covered by the contract, or where the contract is intentionally silent as to that subject, the implied duty to perform in good faith does not come into play." (*Greytak Enters. v Mazda Motors, supra*, at 22-23 [citations omitted].)

Plaintiff alleges that defendant's practice of allocating credit card payments to cash advances, which were subject to a promotional annual percentage rate (APR), before the balance generated by purchases, which was subject to a significantly higher APR, deprived credit cardholders of the full benefit of the promotional rate, thereby rendering the promotion deceptive, and breaching the implied covenant of good faith and fair dealing in the parties' credit card agreement. The IAS court correctly held that the issues of deceptiveness and good faith are not resolved as a matter of law by the provision in the credit card agreement that payments "will be allocated in a manner [defendant] determines," absent a provision expressly mandating the particular manner of allocating payments made by cardholders who both availed themselves of the promotional offer and have a balance due for purchases, or defining the extent of defendant's discretion to allocate payments by such cardholders as it wished. The language in the small print footnote to the solicitation offer, that defendant "may" allocate payments to the promotional balances first, is ambiguous (*see, Sterling Natl. Mtge. Co. v Mortgage Corner*, 97 F3d 39 [3d Cir]), and, if anything, tends to strengthen the claim that there was a deception.

Nor does the dismissal of plaintiff's fraud claim require dismissal of his claims for breach of implied covenant of good

faith and violation of General Business Law § 349. Actions that are "intentionally deceptive in some way material to the contract" may constitute " 'an aspect of fraud,' " if not an actual fraud, and thereby constitute a breach of the covenant of good faith, "[t]he lodestar [being] candor" (*see, Merrill v Crothall-American, Inc.,* 606 A2d 96, 101 [Del Sup Ct]). Here a question of fact exists as to whether the solicitation materials, including, in particular, the use of the word "may" rather than "will," were intentionally deceptive. In addition, while there can be no section 349 (a) claim when the allegedly deceptive practice was fully disclosed (*see, Sands v Ticketmaster-New York,* 207 AD2d 687, *lv dismissed in part and denied in part* 85 NY2d 904), here a question of fact exists as to whether the use of the word "may" was a lack of candor that would lead a reasonable cardholder to believe that defendant would allocate payments in a way that would provide the maximum benefits of the low APR offer on cash advances.

Class certification was properly granted (*see, Taylor v American Bankers Ins. Group,* 267 AD2d 178; *Spark v MBNA Corp.,* 178 FRD 431 [D Del]). Plaintiff's allegations of deceptive acts are based on identical written solicitations (*compare, Pruitt v Rockefeller Ctr. Props.,* 167 AD2d 14, *with Carnegie v H&R Block,* 269 AD2d 145, *lv dismissed* 95 NY2d 844), and the particular damages of each individual class member can be easily computed (*cf., Weinberg v Hertz Corp.,* 116 AD2d 1, 6, *affd* 69 NY2d 979). We have considered defendant's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Andrias and Saxe, JJ.