■ KEN ENGLADE et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v HARPERCOLLINS PUBLISHERS, INC., Appellant. [734 NYS2d 176] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 2, 2001, which granted plaintiffs' motion for class action certification, unanimously affirmed, with costs.

The motion court properly granted plaintiffs' motion for class action certification. Plaintiffs, authors with publishing contracts with defendant HarperCollins Publishers, Inc., allege causes against HarperCollins for breach of contract, breach of implied covenant of good faith and fair dealing and seeking an accounting. Essentially, plaintiffs assert HarperCollins has improperly engaged in selling quantities of its books on a non-returnable basis to its foreign affiliates, at below-market prices. Thus, according to plaintiffs; since HarperCollins and its foreign affiliates all have the same parent company, and since all of the contracts between authors and HarperCollins require that calculations of royalties to such authors be based on amounts "received" by HarperCollins, HarperCollins is essentially selling books to itself, at discounted rates, upon which it then calculates the author's royalty, and then HarperCollins shares in the extra profit when the book is resold to the consumer by the foreign affiliates, without paying the author any further royalty.

The statute providing for class action certification (CPLR 901) should be liberally construed (*Pruitt v Rockefeller Ctr.*

*Props.*, 167 AD2d 14, 21; *Brandon v Chefetz*, 106 AD2d 162, 168-169). Here, it is uncontested that the class is so numerous that joinder is impracticable. Contrary to defendant's contention, the questions of law and fact involved in plaintiffs' claim are common to the class as a whole and predominate over questions affecting only individual members (*compare, Banks v Carroll & Graf Publs.*, 267 AD2d 68). That individual authors may have different levels of damages does not defeat class certification (*see, Broder v MBNA Corp.*, 281 AD2d 369; *Godwin Realty Assocs. v CATV Enters.*, 275 AD2d 269, 270; *Weinberg v Hertz Corp.*, 116 AD2d 1, 6-7, *affd* 69 NY2d 979). Class certification, under the circumstances presented here, is also appropriate since the damages suffered by many individual authors would likely be insufficient to warrant their institution of separate suits (*see, Weinberg v Hertz Corp., supra*). Finally, although plaintiff Englade's potential damages may not exceed the amount already paid to him as an advance, it is clear that he has adequately alleged damages attributable to the complained of contractual breaches by HarperCollins (*see, Berwecky v Bear, Stearns & Co.*, 197 FRD 65, 71 n 9) Concur—Tom, J. P., Andrias, Ellerin and Wallach, JJ.