■ MATROS AUTOMATED ELECTRICAL CONST. CORP. et al., Appellants, v KENNETH LIBMAN et al., Respondents, et al., Defendants. [830 NYS2d 127]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 28, 2005, which, to the extent appealed from, denied plaintiffs' motion to certify this as a class action and granted the cross motion of defendants 230 Park Investors and Tokio Marine Management for summary judgment dismissing the third, sixth, ninth and twelfth causes of action and cancelling plaintiffs' mechanic's liens, unanimously affirmed, with costs.

Defendants made a prima facie showing that no funds were due and owing from the building owner to the general contractor at the time of the filing of the liens (*see* Lien Law § 4 [1]; *Albert J. Bunce, Ltd. v Fahey*, 73 AD2d 632 [1979]), and plaintiffs failed to raise any issues of fact in opposition. Under the circumstances, notwithstanding its principal's apparent assertion to the contrary, the general contractor was intended to be just that, though also a tenant whose premises were the subject of its work under its lease (*see McNulty Bros. v Offerman*, 221 NY 98 [1917]).

The court properly denied the motion for class certification, which was untimely (*see Shah v Wilco Sys., Inc.*, 27 AD3d 169, 173 [2005], *lv dismissed in part and denied in part* 7 NY3d 859 [2006]). In any event, the court properly exercised its discretion (*see* Lien Law § 77 [1]; *Rabouin v Metropolitan Life Ins. Co.*, 25 AD3d 349, 350 [2006]) in denying class action certification in the absence of merit to the underlying claims (*cf. Simon v Cunard Line*, 75 AD2d 283, 288 [1980]), and in light of the failure to set forth evidentiary facts to support such request (*see Nachbaur v American Tr. Ins. Co.*, 300 AD2d 74, 75 [2002], *lv dismissed* 99 NY2d 576 [2003], *cert denied sub nom. Moore v American Tr. Ins. Co.*, 538 US 987 [2003]), and in light of the predominance of individual issues. Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.