(August 25, 2009)

■ ALEXANDER KUDINOV et al., Respondents, v KEL-TECH CONSTRUCTION INC. et al., Appellants, et al., Defendants. [884 NYS2d 413]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 26, 2007, which, to the extent appealed from as limited by the briefs, inter alia, partially granted plaintiffs' motion for class certification, designated Alexander Kudinov as a class representative and denied defendant Fidelity and Deposit's cross motion for summary judgment, affirmed, without costs.

The party seeking class certification bears the burden of establishing the criteria prescribed in CPLR 901 (a) (*CLC/CFI Liquidating Trust v Bloomingdale's, Inc.*, 50 AD3d 446, 447 [2008]). This burden must be met by providing an evidentiary basis for class certification (*Matros Automated Elec. Const. Corp. v Libman*, 37 AD3d 313 [2007]; *Nachbaur v American Tr. Ins. Co.*, 300 AD2d 74, 75 [2002], *lv dismissed* 99 NY2d 576 [2003], *cert denied sub nom. Moore v American Tr. Ins. Co.*, 538 US 987 [2003]).

Whether a particular lawsuit qualifies as a class action rests within the sound discretion of the trial court. In exercising this discretion, a court must be mindful of our holding that the class certification statute should be liberally construed (*Englade v HarperCollins Publs.*, 289 AD2d 159 [2001]).

Here, the evidence is sufficient to establish numerosity, without determining the precise number, given the number of projects, the certified payroll records and the testimony and affidavits regarding the number of workers potentially affected by the allegations (*see Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129 [2008]; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11 [1998]). While it is true that the exact number of the putative class has not been determined, and that some members of the putative class have submitted affidavits affirmatively stating that they were not aggrieved by the allegations against defendants, the number of workers alleged to have been underpaid was high enough to justify the court's exercise of its discretion in certifying the class. This is particularly true in

light of the fact that many workers were not members of any union, and were of different trades than that of the main plaintiff.

Moreover, the commonality of claims predominates, given the same types of subterfuges allegedly employed to pay lower wages. The fact that different trades are paid on a different wage scale and thus have different levels of damages does not defeat certification (*see Englade* at 160). The ability to resolve such inquiries by referring to payroll and other documentary evidence distinguishes this case from those in which individualized inquiries defeat commonality (*see e.g. Batas v Prudential Ins. Co. of Am.*, 37 AD3d 320, 322 [2007]; *Gaidon v Guardian Life Ins. Co. of Am.*, 2 AD3d 130 [2003]).

While it is appropriate in determining whether an action should proceed as a class action to consider whether a claim has merit, this "inquiry is limited" (*see Bloom v Cunard Line*, 76 AD2d 237, 240 [1980]), and such threshold determination is not intended to be a substitute for summary judgment or trial.

While Kudinov's testimony and his affidavit as to his record keeping and the number of employees at the projects where he worked contained inconsistencies, his claim has sufficient merit for the limited purposes of determining whether to certify this class. Those inconsistencies present, as the court correctly determined, issues for resolution by the trier of fact.

We have considered defendants' other contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman and Richter, JJ.

Nardelli, J., dissents in part in a memorandum as follows: Although I agree with the majority that the court properly denied summary judgment dismissing the claims on the projects which Fidelity and Deposit Company of Maryland bonded, I dissent to the extent the majority affirms the grant of class certification on any of the projects at issue. Accordingly, I would modify to vacate those portions of the order which granted such status.

CPLR 901 (a) permits a court to authorize a class action if the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class that predominate over any questions affecting only individual members, the claims or defenses of the class representative are typical of the class, the representatives will fairly and adequately protect the interest of the class, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The party seeking class certification bears the burden of

establishing the criteria prescribed in the statute (*CLC/CFI Liquidating Trust v Bloomingdale's, Inc.*, 50 AD3d 446, 447 [2008]). This burden must be met by providing an evidentiary basis for class action certification (*Matros Automated Elec. Const. Corp. v Libman*, 37 AD3d 313 [2007]; *Nachbaur v American Tr. Ins. Co.*, 300 AD2d 74, 75 [2002], *lv dismissed* 99 NY2d 576 [2003], *cert denied sub nom. Moore v American Tr. Ins. Co.*, 538 US 987 [2003]).

Three projects at issue on this appeal were bonded by Fidelity and Deposit Company of Maryland. The class representative certified by the court on those projects was Alexander Kudinov, a union carpenter. He testified that aside from himself, five or six carpenters worked at P.S. 104, one worked at P.S. 114, and four or five worked at P.S. 198. Of this maximum total of 13 carpenters, three of them submitted affidavits stating, "I have always been paid the wages due, and all of my benefits have been paid to my union." Thus, at best, there are 10 carpenters in the aggregate on these three projects who have wage grievances. I respectfully submit that 10 does not meet the numerosity requirement required by the statute. Furthermore, when the projects are viewed on an individual basis, at best there are five other similarly situated carpenters on some of the projects, and as few as one other on the P.S. 114 project. I see no reason why resort to class action status is required to resolve any of the grievances that Kudinov or other carpenters may have regarding their wages on these particular projects.

Likewise, with regard to the larger number of projects bonded by the other insurers, defendants St. Paul Fire and Marine Insurance Co., Seaboard Surety Co., and United States Fidelity and Guaranty Co., there are significant issues which militate against the grant of class action status. To begin, nine additional carpenters submitted affidavits similar to those submitted by the individuals in the three projects discussed above. They confirm that they do not have any contractual dispute with defendant Kel-Tech. Thus, there are at least 12 members of the putative class, the number of which has not even been established, who aver that they are not aggrieved. Aside from casting doubt that plaintiffs are meeting the numerosity requirements of the statute, these affidavits also strongly suggest that plaintiffs cannot show that there are common questions of law or fact which predominate over the claims of individual members. Indeed, the opposite is indicated—i.e., that plaintiffs' claims are specific to them.

Moreover, the nature of some of the claims, e.g., circumvention of contractual obligations by cash payments, forged names

on sign-out logs, and payments of expenses in lieu of overtime, will require evidence on a case-by-case basis, especially since at least 12 carpenters on the projects have sworn that they are not aggrieved in any manner. Certainly, proof that any one carpenter received a cash payment is not proof that all the others did.

Furthermore, there is no evidence that numerosity has been established. As the majority acknowledges, the exact number of members of the putative class has not been established. Moreover, at least 12 members of the putative class, whatever its number may be, have sworn that they do not have grievances. It is just as likely, on the record before us, that the purported class consists of nothing more than the named plaintiffs, as it is that there are many workers who were underpaid. Plaintiffs have not come close to meeting their burden of establishing numerosity.

In *Englade v HarperCollins Publs.* (289 AD2d 159 [2001]), upon which the majority relies, this Court specifically stated, "[I]t is uncontested that the class is so numerous that joinder is impracticable" (*id.* at 160). In contrast, in this case, there is no such concession about numerosity, and the paucity of plaintiffs' showing strongly suggests that the potential class is very small, if not infinitesimal, and, whatever complaints plaintiffs may have are highly individualized.

Under such circumstances, where the number of people in the class is not identified, where members of the putative class have sworn that they do not have any grievances, and where the nature of the claims requires evidence on an individual basis, it is difficult to discern how a class action is a superior, or even an appropriate, vehicle for resolution of the claims. [*See* 2007 NY Slip Op 32495(U).]