Win-Vent Architectural Windows v NGU, Inc. (2018 NY Slip Op 03909)





Win-Vent Architectural Windows v NGU, Inc.


2018 NY Slip Op 03909


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6733N 652570/16

[*1] Win-Vent Architectural Windows, a Division of Extrusions, Inc., etc., Plaintiff-Appellant,
v
NGU, Inc., doing business as Champion Architectural Window and Door, et. al., Defendants-Respondents. [And a Third-Party Action]


Constantine T. Tzifas, PLLC, White Plains (Albert A. Hatem of counsel), for appellant.
Morrison Cohen LLP, New York (David J. Kanfer of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 4, 2017, which denied plaintiff's motion for class certification pursuant to Lien Law article 3-A and CPLR 901 on its causes of action alleging diversion of trust funds, unanimously affirmed, with costs.
The court properly denied class certification on the ground that the prerequisites to a class action (CPLR 901) were not met (see Matros Automated Elec. Const. Corp. v Libman, 37 AD3d 313 [1st Dept 2007]). The court correctly discerned the nature of plaintiff's claim under Lien Law article 3-A and that, rather than seeking class certification with regard to a single trust fund pursuant to Lien Law § 77, plaintiff sought to bring a single class action to enforce its claims to payment from 15 distinct trust funds created from 15 different projects. As the court observed, plaintiff failed to show how the 15 different trust diversion claims on 15 unrelated contracts and projects, owned by 15 different owners, meet the requirements of commonality, typicality, and superiority of CPLR 901(a)(2), (3), and (5). While the named parties were involved in all 15 projects, each is factually different and raises, at the very least, different defenses, and possibly different counterclaims, depending on the other parties that are involved, and on the nature, quality, and timing of the window manufacturing and installation services provided. Plaintiff acknowledges there are "John Doe" defendants yet to be identified and named with regard to one or all of those projects.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK