Vandee v Suit-Kote Corp. (2018 NY Slip Op 04456)





Vandee v Suit-Kote Corp.


2018 NY Slip Op 04456


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


521 CA 17-02093

[*1]ANDREW G. VANDEE, JERRY PHALEN, JAMES LYNCH, ROGER SLATER, RICHARD THOMAS, ELIJAH CLOSSON, WILLIAM PRINDLE AND SHAWN KIRK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
SUIT-KOTE CORPORATION, DEFENDANT-RESPONDENT-APPELLANT.






E. STEWART JONES HACKER MURPHY, LLP, TROY (RYAN M. FINN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (BRIAN J. BUTLER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered February 10, 2017. The order, among other things, denied the motion of plaintiffs for class certification. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first and second ordering paragraphs and granting the motion and as modified the order is affirmed without costs.
Memorandum: Plaintiffs are members of a putative class of employees who allege that defendant, Suit-Kote Corporation, failed to pay them the prevailing wages required by article I, § 17 of the New York Constitution and section 220 (3) of the Labor Law. Plaintiffs appeal and defendant cross-appeals from an order that denied plaintiffs' motion for class certification pursuant to CPLR article 9 and that denied defendant's cross motion for, in effect, summary judgment dismissing the amended complaint.
We agree with plaintiffs on their appeal that Supreme Court erred in denying their motion, and we therefore modify the order accordingly. CPLR 901 (a) sets forth five prerequisites to class certification. Class certification "is appropriate only if all five of the requirements are met" (Ferrari v Natl. Football League, 153 AD3d 1589, 1591 [4th Dept 2017]), and the party seeking certification has the burden of establishing each requirement (see Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 482-483 [1st Dept 2009]). "Once the [CPLR 901] prerequisites are satisfied, the court must consider the [non-exclusive] factors set out in CPLR 902" in order to determine whether class certification should be granted (Rife v Barnes Firm, P.C., 48 AD3d 1228, 1229 [4th Dept 2008], lv dismissed in part and denied in part 10 NY3d 910 [2008]).
Here, the court erred in determining that plaintiffs failed to establish the first and second CPLR 901 prerequisites, numerosity and commonality. Plaintiffs established the numerosity prerequisite by submitting evidence of approximately 350 class members at a minimum (see Dabrowski v Abax Inc., 84 AD3d 633, 634 [1st Dept 2011]; Kudinov, 65 AD3d at 481). Plaintiffs established the commonality prerequisite because one common legal issue dominates the claims of all putative class members, i.e., whether similarly situated employees who worked on public projects were deprived of the prevailing wages to which they were entitled (see City of New York v Maul, 14 NY3d 499, 514 [2010]; Cherry v Resource Am., Inc., 15 AD3d 1013, 1013 [4th Dept 2005]). Contrary to defendant's contention, the fact that the amount of damages will [*2]vary among the putative class members does not prevent this lawsuit from going forward as a class action (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]; DeLuca v Tonawanda Coke Corp., 134 AD3d 1534, 1536 [4th Dept 2015]).
We reject defendant's alternative ground for denying the motion for class certification, namely, that plaintiffs failed to establish the remaining CPLR 901 prerequisites (see generally Weinberg v Hertz Corp., 116 AD2d 1, 5-6 [1st Dept 1986], affd 69 NY2d 979 [1987]; Ferrari, 153 AD3d at 1592; Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 144 [2d Dept 2008]). Contrary to defendant's further contention, the non-exclusive CPLR 902 factors weigh in favor of class certification.
We reject defendant's contention on its cross appeal that the court erred in denying its cross motion inasmuch as triable issues of fact exist with respect to whether defendant's payroll practices complied with Labor Law § 220 (3) and the corresponding regulations. Contrary to defendant's contention, its alleged failure to comply with 12 NYCRR 220.2 (d) is relevant to whether its payroll practices complied with section 220 (3). Finally, contrary to defendant's further contention, the amended complaint is not preempted by the federal Employee Retirement Income Security Act (see HMI Mech. Sys., Inc. v McGowan, 266 F3d 142, 145 [2d Cir 2001]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court