**Flores v Zucker's Bagels Grand Cent., LLC**

2024 NY Slip Op 32380(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 159691/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. MARY V. ROSADO</u>

*Justice*

PART      33M

-----------------------------------------------------------------------X

CARLOS FLORES,

                     Plaintiff,

- v -

ZUCKER'S BAGELS GRAND CENTRAL, LLC,ZUCKER'S
COLUMBUS, LLC,ZUCKER'S FLATIRON, LLC,ZUCKER'S
FULTON, LLC,BCN PROVISIONS, LLC,POMERANTZ
EQUITIES, LLC,MATTHEW POMERANTZ, DANIEL PACE

                     Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159691/2022 |
| MOTION DATE | 06/29/2024 |
| MOTION SEQ. NO. | 001 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 90, 91

were read on this motion to/for      <u>ORDER MAINTAIN CLASS ACTION</u> .

Upon the foregoing documents, and after oral argument, which took place on April 30, 2024, where Rony Goldman, Esq. appeared for Plaintiff Carlos Flores ("Plaintiff"), and Vincent Bauer, Esq. appeared for Defendants, Plaintiff's motion for class certification is granted.

## I.     Background

Plaintiff alleges that Defendants violated the New York Labor Law and Fair Labor Standards Act (*see generally* NYSCEF Doc. 1). Defendants operate a chain of bagel restaurants throughout Manhattan (*id.* at ¶ 6). Specifically, Plaintiff alleges widespread practices of time shaving, failure to provide proper wage statements, and failure to provide wage and hour notices.

Plaintiff now moves to certify his proposed class pursuant to CPLR §§ 901 and 902. Defendants oppose class certification. They argue that Plaintiff's claims are a sham. They also argue Plaintiff cannot establish commonality because Plaintiff complains that he was forced to clock out and continue working while other proposed members of the class simply allege they had

159691/2022 FLORES, CARLOS vs. ZUCKER'S BAGELS GRAND CENTRAL, LLC ET AL
Motion No. 001

Page 1 of 4

1 of 4

hours missing from paychecks. Defendants argue these allegations likewise fail to meet the typicality requirement.

In reply, Plaintiff argues that the evidence proffered in opposition does not establish Plaintiff's claims are a sham. In particular, Plaintiff asserts only selective time sheets from Plaintiff's employment were proffered. Plaintiff also claims that commonality is established as the Esquivel affidavit shows that if he did not clock out, Defendants would modify the time on his electronic records thereby reflecting time shaving.

## II.    Discussion

### A. Standard

In order to maintain a class action, a plaintiff must show numerosity, commonality, typicality, that the class representative can fairly protect the interest of the class, and that a class action is the superior method of adjudicating the controversy. (*see* CPLR 901[a]; *see also Pludeman v Northern Leasing Systems, Inc.*, 74 AD3d 420 [1st Dept 2010]). Courts are instructed to construe CPLR 901 and 902 liberally (*Kudinov v Kel-Tech Const. Inc.*, 65 AD3d 481 [1st Dept 2009] citing *Englade v HarperCollins Publs., Inc.*, 289 AD2d 159 [2001]). When considering a motion for class certification, the facts as alleged in the complaint are accepted as true (*Dabrowski v Abax Inc.*, 2010 WL 3016782 [Sup. Ct., NY Co., 2010] [Gische, J.] *aff'd* 84 AD3d 633 [1st Dept 2011]). In considering the merits of whether an action should proceed as a class action, plaintiffs need show only that there appears to be some credible cause of action (*Teshabaeva v Family Home Care Services of Brooklyn and Queens, Inc.*, 220 AD3d 519 [1st Dept 2023]). Claims of systematic wage violations are considered particularly appropriate for class certification (*Konstantynovska v Caring Professionals, Inc.*, 215 AD3d 405, 406 [1st Dept 2023]).

## B. Numerosity

Defendants do not expressly oppose Plaintiff's motion on the numerosity element. In any event, the Court finds that the numerosity element is satisfied as it is alleged Defendants operate several restaurants in New York and there is evidence that there are a total of 100 employees at these locations. This has satisfies the numerosity element (*see also Chua v Trim-Line Hitech Const. Corp.* 225 AD3d 565 [1st Dept 2024]).

## C. Commonality and Typicality

The Court finds that Plaintiff has satisfied the commonality element of class certification. In particular, there are corroborating affidavits of widespread complaints of time shaving and failure to pay employees for all hours worked (*see Dabrowski v Abax Inc.*, 84 AD3d 633 [1st Dept 2011] [commonality and typicality element satisfied based on allegations of employer's practice of underpaying wages where laborers were presented with paychecks that did not set forth hours worked]; *see also Chua v Trim-Line Hitech Construction Corp.*, 225 AD3d 565 [1st Dept 2024]). Indeed, Defendants do not dispute that Plaintiff has produced affidavits indicating many workers were not being paid for all hours worked. Rather, Defendants argue that the means by which hours were cut varies for each prospective class member. At this stage, the Court finds this is insufficient to deny class certification. The widespread allegations of time shaving and underpayment indicate a subterfuge common and typical to the class as a whole (*Kudinov v Kel-Tech Const. Inc.*, 65 AD3d 481 [1st Dept 2009]).

## D. Class Representative and Method of Adjudicating Controversy

There is no serious dispute as to whether Plaintiff can fairly serve as class representative. Moreover, there is no serious dispute that these kinds of wage and hour claims are frequently resolved in class action lawsuits (*Konstantynovska v Caring Professionals, Inc.*, 215 AD3d 405,

**159691/2022  FLORES, CARLOS vs. ZUCKER'S BAGELS GRAND CENTRAL, LLC ET AL**      **Page 3 of 4**
Motion No. 001

3 of 4

406 [1st Dept 2023]). Thus, class certification is appropriate. Although Defendants claim the action is a sham based on a select two-month excerpt of pay roll records produced, the Court finds this is insufficient to deny class certification. Plaintiff alleges he was employed for twenty-one (21) months. The limited selection of payroll record produced do not definitively indicate the action is a sham, and at this juncture the Court is instructed to merely ascertain whether there appears to be some credible cause of action (*Teshabaeva v Family Home Care Services of Brooklyn and Queens, Inc.*, 220 AD3d 519 [1st Dept 2023]; *see also Weinstein v Jenny Craig Operations, Inc.*, 138 AD3d 546 [1st Dept 2016]).

Accordingly, it is hereby,

ORDERED that Plaintiff's motion seeking class certification is granted in accordance with the annexed order dated July 8, 2024; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | | | *May V Rosad JSC* | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | x | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159691/2022   FLORES, CARLOS vs. ZUCKER'S BAGELS GRAND CENTRAL, LLC ET AL          Page 4 of 4
Motion No. 001

4 of 4

[* 4]