Rosario v Hallen Constr. Co., Inc. (2025 NY Slip Op 03660)

Rosario v Hallen Constr. Co., Inc.

2025 NY Slip Op 03660

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 157141/21|Appeal No. 4600|Case No. 2025-00682|

[*1]Daniel Rosario et al., Plaintiffs-Respondents,
v
The Hallen Construction Co., Inc., Defendant-Appellant.

Rivkin Radler LLP, Uniondale (Henry M. Mascia of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for respondents.

Order, Supreme Court, New York County (Emily Morales-Minerva, J.), entered on or about January 10, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for class certification, unanimously affirmed, without costs.
The court providently exercised its discretion in granting plaintiffs' motion for certification of a class consisting of "[a]ll individuals employed by The Hallen Construction Co., Inc. [Hallen], who performed construction work from August 21, 2015 to the present and who were not compensated for all time spent reporting to Hallen's yard in the morning, and for their unpaid time travelling between Hallen's yard and work sites in New York." Plaintiffs demonstrated commonality based on their claims that Hallen systematically failed to pay construction workers for yard time and for travel time to and from the yard to work sites. Claims such as these are "particularly appropriate for class certification" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [2019]; see also Dziura v Human Dev. Assn., Inc., 231 AD3d 615, 616-617 [1st Dept 2024]). Whether a particular class member worked at a yard from 6 a.m. on a particular day or traveled to and from a worksite in a Hallen vehicle is relevant to the individual's damages only. Individualized damages issues based on Hallen's alleged systematic policies do not undermine commonality or weigh substantially against class certification (see Chua v Trim-Line Hitech Constr. Corp., 225 AD3d 565, 566 [1st Dept 2024]).
The court also properly found that plaintiffs showed that a class action was superior to the other available methods for resolving this dispute in view of the cost of individual litigation and the modest damages recoverable by each individual worker (see Lavrenyuk v Life Care Servs., Inc., 198 AD3d 569, 570 [1st Dept 2021], lv dismissed 38 NY3d 1021 [2022]).
Hallen's opposition was principally based on its denial of a practice and policy of underpaying its construction workers. However, in determining whether an action should be certified as a class action, a court's consideration of whether the asserted claims have merit is limited, and plaintiffs need only show that there appears to be some credible cause of action (see Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc, 220 AD3d 519, 520-521 [1st Dept 2023]). Here, plaintiffs submitted sworn statements from numerous Hallen construction workers that supported their claims. This evidence was sufficient to satisfy the minimal threshold of showing that their claims are not meritless (see Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 482 [1st Dept 2009]).
We have considered Hallen's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025